**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Ever Ticas-Galeas,<br><br>    Petitioner,<br><br> v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>    Respondent. | No. 21-35<br><br>Agency No. A206-183-792<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2023[**]
Seattle, Washington

Before:  BYBEE and FORREST, Circuit Judges, and SEEBORG,[***] District Judge.

Petitioner Ever Ticas-Galeas, a citizen of El Salvador, seeks review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard Seeborg, Chief United States District Judge for the Northern District of California, sitting by designation.

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

1.      ***Asylum & Withholding of Removal.*** Ticas-Galeas seeks relief based on membership in three particular social groups (PSGs) and an imputed political opinion. For a PSG to be cognizable, it must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180 (9th Cir. 2021) (internal quotation marks and citation omitted). Ticas-Galeas does not specifically challenge the BIA's conclusion that his three proposed PSGs are not cognizable because they lack an immutable characteristic. He has therefore forfeited an effective challenge to the BIA's conclusion that his PSGs are not cognizable. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021) (finding petitioner forfeited argument "by failing to develop [it] in his opening brief"); *see also Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008). Further, the BIA did not err in concluding that Ticas-Galeas failed to show he would be persecuted because of an imputed political opinion. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (petitioner's opposition to gangs did not constitute a political opinion), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). Because Ticas-Galeas failed to

show that he would suffer persecution based on a protected ground, the BIA did not err in denying Ticas-Galeas asylum or withholding of removal. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 832 (9th Cir. 2022) (discussing asylum and withholding of removal elements).[1]

2.      ***CAT.*** The BIA's denial of CAT protection is supported by substantial evidence where Ticas-Galeas's past harm does not constitute torture, and the country conditions evidence does not compel the conclusion that he, in particular, is more likely than not to face torture if removed to El Salvador. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705–07 (9th Cir. 2022); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**

---

[1] Ticas-Galeas also appears to argue that the BIA failed to sufficiently consider relevant evidence of "escalations in threats and demands" that he contends amounted to past persecution. But he has failed to overcome the presumption that the BIA did review relevant evidence where the IJ recounted Ticas-Galeas's testimony about the threats and extortion demands that he received and concluded that his claim failed for a reason independent of whether he suffered past persecution. *See Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095–96 (9th Cir. 2000).